UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN PAUL JONES, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-692** |
| **YELLOW FIN MARINE SERVICES, LLC** | **SECTION: "H"(3)** |

## ORDER AND REASONS

Before the Court is Defendant Yellow Fin Marine Services, LLC's ("Yellow Fin") Motion for Partial Summary Judgment (Doc. 5). For the following reasons, the Motion is GRANTED, and Plaintiffs' claims for punitive damages under the Jones Act and the general maritime law are DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff John Paul Jones, Jr. brings this action seeking damages pursuant to the Jones Act and the general maritime law for injuries he allegedly sustained during the course and scope of his employment aboard the M/V K MARINE III. Defendant moves to dismiss Plaintiff's claims for punitive damages under the Jones Act and the general maritime law, arguing that such

1

damages are not recoverable as a matter of law.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that

---

[1] Fed. R. Civ. P. 56(c) (2012).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Defendant moves to dismiss Plaintiff's claims for punitive damages pursuant the Jones Act and the general maritime law, in light of the recent Fifth Circuit *en banc* decision in *McBride v. Estis Well Service, LLC*.[9]  *McBride* held that punitive damages were not recoverable under either an unseaworthiness claim or the Jones Act.[10]  Plaintiff in this case seeks punitive damages on both his Jones Act and unseaworthiness claims.  Because the Fifth Circuit has held that such damages are unavailable as a matter of law, Plaintiff's punitive damage claims must be dismissed.[11]

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] 768 F.3d 382 (5th Cir. 2014), *cert. denied*, No. 14–761, 2015 WL 2340864 (U.S. May 18, 2015).

[10] *Id.* at 384.

[11] Plaintiff's claim for punitive damages related to the alleged failure of Defendant to pay maintenance and cure is not at issue in this Motion.

3

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED.  Plaintiff's claims for punitive damages pursuant to the Jones Act and the general maritime law are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of May, 2015.

_____
 **JANE TRICHE MILAZZO**
 **UNITED STATES DISTRICT JUDGE**

4